OPINION OF THE COURT
Thomas V. Sinclair, J.
Motion by defendant to vacate a default judgment and also dismiss the action is decided as follows.
Defendant asserts that its default was unintentional and in part brought about by the conduct of plaintiff. Initially defendant was granted an extension of time to October 26, 1979, in which to answer. Defendant alleges that a second extension was then granted to November 16, 1979, and that thereafter upon denial of a third extension of time that it was precluded from serving answer by defendant’s refusal to timely inform its attorneys of the index number for this action. Plaintiff admits the first extension, but denies that it stipulated to the second extension and argues that defendant cannot avoid default by tendering stipulations for extension of time, when needed.
Defendant has submitted copies of the three stipulations; all are unexecuted. In rebuttal plaintiff has submitted copies of the same; all but the first stipulation are unexecuted. The exhibits, as submitted, appear to support plaintiff’s position. While the defendant’s excuse for default is at best tenuous, it is quite evident that its claim of a meritorious defense is without basis.
The dispute centers on the issue of whether the defendant is liable for the value of certain goods shipped to its New York City office by the plaintiff, which is located in Rochester, New York. It is defendant’s contention that the goods were shipped on c.o.d. terms, and that the goods were never delivered and thus never paid for.
Upon receipt of the defendant’s telephone order plaintiff contends that the goods were delivered to the carrier, United Parcel Service, f.o.b. at plaintiff’s Rochester plant for delivery to the defendant. That the following day, May 26, 1977, *968 plaintiff sent an invoice as a confirmation memorandum of the transaction to the defendant. The invoice specifies the purchaser, goods sold, price, the date of order, the shipment date, the carrier, the delivery term, the discount terms and a credit term. While the invoice indicates that the order was a c.o.d. order, with a c.o.d. charge of $2,031.50, it simultaneously specifies that the goods were shipped via United Parcel Service, f.o.b. Rochester, New York. Plaintiff contends that although the invoice indicates a c.o.d. United Parcel Service was not instructed to make delivery only upon payment in full. It is plaintiff’s position that f.o.b. shipments are a matter of course of dealing between the parties, since each prior shipment over the past six years has been f.o.b. Rochester, New York; that the f.o.b. term in the invoice controls the nature of the shipment now in dispute absent objection by the defendant and that defendant by reliance upon c.o.d. as a delivery term is attempting to shift the risk of loss from itself to plaintiff. In the alternative plaintiff claims that a shipping tracer report, which was initiated upon defendant’s claim of nondelivery, demonstrates that the goods were delivered to defendant at its New York City office and accepted and signed for by defendant or its agent on June 7, 1977. But for a response from defendant’s attorney that there was no receipt of the invoice and thus no contract of sale, the plaintiff’s claims concerning confirmation of the contract of sale, course of dealing, f.o.b., shipment to defendant and subsequent receipt and acceptance remain unrebutted by facts to the contrary. It is noted that the affidavit by defendant’s president in support of this motion is so worded as to imply nonreceipt of the invoice by the defendant.
As a general rule when a written confirmation of an oral contract between merchants is sent by one merchant to another and there is a controversy as to its terms subdivisions (1) and (2) of section 2-207 of the Uniform Commercial Code apply as to a determination of the enforceability of the contract. Subdivision (1) of section 2-201 of the Uniform Commercial Code requires either a written contract for the sale of goods for the price of $500 or more or else subdivision (2) of section 2-201 of the Uniform Commerical Code requires that "a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of *969 objection to its contents is given within ten days after it is received.” Section 2-201 (subd [3], par [c]) of the Uniform Commercial Code provides that a contract which does not satisfy the requirements of subdivision (1) but which is valid in other respects is enforceable with respect to goods for which payment has been made and accepted or which have been received.
Defendant has implied, but not categorically alleged the nonreceipt of the invoice as confirmation of the contract of sale. The failure to do so together with a conclusory claim of such nonreceipt by an attorney without personal knowledge of the facts is in this court’s view, insufficient to demonstrate nondelivery of the confirmation. The contract is therefore enforceable under subdivision (2) of section 2-201 of the Uniform Commercial Code. Even assuming that the papers submitted fail to set forth facts sufficient to permit a determination of whether the defendant did in fact receive the confirmation of the oral contract as required by subdivision (1) of section 2-201 of the Uniform Commercial Code it appears that the defendant’s conclusory objection as to nonreceipt of the goods is insufficient to create a meritorious defense or preclude recovery on the contract in the absence of a further explanation or facts rebutting the contents of the shipping tracer report. Thus the contract is enforceable upon defendant’s receipt and acceptance of the goods (Uniform Commercial Code, § 2-201, subd [3], par [c]).
Additionally, since defendant has failed to demonstrate the terms of the oral contract as agreed upon by the parties, the plaintiffs claim that f.o.b. shipments are a matter of course of dealings between the parties together with the credit terms for payment shall control the disposition of this motion. Therefore, as it will be demonstrated no inquiry is necessitated under section 2-207 of the Uniform Commercial Code as to whether an additional term in confirmation abrogates the contract of sale. Defendant’s claim that the goods were sent c.o.d. without further explanation as to the original terms for shipment and payment, as defendant may allege were contracted for, is insufficient as measured against the contents of the tracer report to prove a c.o.d. sale or that delivery could not have been made, absent payment to the carrier.
A c.o.d. sale as an f.o.b. sale is normally regarded as a shipment "contract”, wherein delivery to the carrier is delivery to the buyer with risk of loss on the buyer after delivery *970 to the carrier. (67 Am Jur 2d, Sales, §§ 346, 347, 348.) The difference is that the c.o.d. abbreviation means "collect on delivery” or cash on delivery and its use has for an object an instruction to the carrier or transporter not to deliver the goods until the price therefor is collected. (67 Am Jur 2d, Sales, § 346.) Therefore, even assuming a c.o.d. sale together with the established fact of receipt and acceptance by the defendant, plaintiff has a right of action on the contract against the defendant buyer under subdivisions (2) and (3) of section 2-201 of the Uniform Commerical Code and alternatively against the carrier for breach of contract upon any alleged failure to collect on delivery to the defendant.